UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAHEEN DUDLEY, | Case No. 17-10800 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| GENESEE COUNTY, ET AL., | U.S. MAGISTRATE JUDGE |
| Defendants. | STEPHANIE DAWKINS DAVIS |
| _____/ | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND STRIKE [28]**

When Plaintiff Raheen Dudley was a pretrial detainee at the Genesee County Jail, he asked repeatedly to be seen by a doctor and taken to the hospital for severe abdominal pain, vomiting, fever, and inability to eat or sleep. Only after suffering for five days was Mr. Dudley finally sent to the emergency room. His appendix had burst and he developed a peritoneal abscess. He had part of his colon removed and had to wear a colostomy bag.

Mr. Dudley filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Genesee County and Corizon Correctional Healthcare and its employees. Before the Court is Defendants' second Motion to Dismiss and Strike [28]. For the reasons stated below, Defendants' Motion is **DENIED**.

## FACTUAL BACKGROUND

In September 2014, Mr. Dudley was a pretrial detainee in the custody of the Genesee County Jail. Defendant Corizon Correctional Healthcare ("Corizon") is a corporation contracted to provide healthcare services to inmates at the Jail. On September 14, 2014, Mr. Dudley submitted a request form to Corizon to see a doctor for severe pain in his stomach. Defendant Mona Cross, R.N., a Corizon employee, received the request the following day, but did nothing to follow up with Mr. Dudley.

On September 16, 2014, having received no response to his initial request to see a doctor, Mr. Dudley submitted a second request form, complaining of 10 out of 10 stomach pain, vomiting, headaches, inability to eat, and lack of sleep. He saw Nurse Cross, who documented a fever of 100 degrees and noted pain and tenderness in the right lower quadrant of his abdomen, but declined to refer him for emergency treatment. Defendant Dennis Lloyd, D.O., also a Corizon employee, refused to see Mr. Dudley on that day.

On September 17, 2014, Mr. Dudley submitted a third request form, complaining of shortness of breath, terrible lower abdominal pain, vomiting, headaches, and difficulty walking and sleeping. He asked to be taken to the hospital because "it felt like a life or death situation." Amend. Compl. at ¶ 18.

On September 19, 2014, Mr. Dudley was finally seen by Dr. Lloyd, who documented that Mr. Dudley had lower right quadrant pain for six days, no bowel movements, and trouble urinating. Dr. Lloyd diagnosed him with possible appendicitis and sent him to the emergency room.

At the Hurley Medical Center, Mr. Dudley was diagnosed with appendicitis and peritoneal abscess. Mr. Dudley's appendix had burst.

On September 20, 2014, he had an exploratory laparotomy, ileocecectomy, a right hemicolectomy, and an ileostomy formation. Mr. Dudley had part of his colon removed and had to wear a colostomy bag.

## PROCEDURAL HISTORY

On March 13, 2017, Mr. Dudley, through counsel, commenced this action against Defendants Dennis Lloyd, D.O., Mona Cross, LPN, Corizon Correctional Healthcare f/k/a Prison Health Services ("Corizon"), and Genesee County alleging Gross Negligence and Violation of Civil Rights.

On March 14, 2017, Mr. Dudley filed a medical malpractice action against the same Defendants in Genesee County Circuit Court ("State Action"). In the State Action, Defendants filed a Motion for Summary Disposition. On July 7, 2017, the Honorable Archie Hayman granted Defendants' Motion and ordered that "Plaintiff's medical malpractice claim [] be transferred to the United States District

Court, Eastern District of Michigan, specifically *Dudley v. Genesee County Jail, et al.* Case No. 2:17-cv-10800."

Meanwhile, in this Court, Defendants filed a Motion to Dismiss [8] on May 3, 2017. The Court held a hearing on the motion on February 13, 2018, at which it recommended that counsel amend the complaint.

On February 20, 2018, Mr. Dudley filed an Amended Complaint [25] against Defendants alleging: Gross Negligence, Ordinary Negligence, and/or Wanton and Willful Misconduct (Counts I-II); Vicarious Liability (Count III); Medical Malpractice (IV); and Violation of Civil Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments (Counts V-VI).[1]

On March 6, 2018, Defendants filed the instant Motion [28] seeking to: dismiss the Amended Complaint's state law claims (Counts I-IV); strike the Amended Complaint; and strike the affidavits of merit. Mr. Dudley filed a Response [29] on March 27, 2018. Defendants filed a Reply [31] on April 9, 2018. The Court held a hearing on the Motion on May 31, 2018.

**LEGAL STANDARDS**

---

[1] As a pretrial detainee, Mr. Dudley's deliberate indifference claims fall under the Fourteenth Amendment, instead of the Eighth Amendment. *See Bays v. Montmorency Cty.*, 874 F.3d 264, 268 (6th Cir. 2017) ("The Due Process Clause of the Fourteenth Amendment provides the same guarantee [as the Eighth Amendment] to pretrial detainees."). Nevertheless, because Defendants do not move for dismissal of Mr. Dudley's § 1983 claims, the Court does not reach this issue here.

Defendants move to dismiss Counts I-IV for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012).

Defendants further move to strike the affidavits of merit attached to the Amended Complaint pursuant to Fed. R. Civ. P. 12(f). Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## ANALYSIS

### I. Plaintiff has stated a claim for ordinary negligence

Counts I-III of the Amended Complaint allege claims for ordinary and gross negligence. Because Mr. Dudley voluntarily dismissed his gross negligence claims

on the record at the hearing, at issue here is whether he has stated a plausible claim for ordinary negligence.

To state a claim for ordinary negligence, the plaintiff must allege that the defendants breached a duty that proximately caused his injury. *Bryant v. Oakpointe Villa Nursing Ctr.*, 471 Mich. 411, 425-26, 684 N.W.2d 864, 870–71 (2004). The Amended Complaint alleges that Defendants owed Mr. Dudley a duty to provide reasonable and prudent care. ¶¶ 27; 42; 52. It further alleges that Defendants breached that duty by ignoring Mr. Dudley's serious need for medical treatment, and failing to conduct, or otherwise provide him with, a timely consultation and physical evaluation. *Id.* at ¶¶ 28; 42; 62. Finally, the Amended Complaint alleges that Mr. Dudley suffered a ruptured appendix with peritoneal abscess as a result of Defendants' failure to address his obvious symptoms of appendicitis and need for immediate medical attention. ¶¶ 24; 39; 50; 64.

Defendants argue that the Court should dismiss the ordinary negligence claims because they sound in medical malpractice. This issue is typically raised in cases in which a plaintiff alleges ordinary negligence against health professionals instead of medical malpractice, as a way to circumvent Michigan's statutory pleading requirements for medical malpractice claims. *See, e.g.*, *Buffman v. United States*, No. 13-CV-14024, 2017 WL 9477650, at *7 (E.D. Mich. Jan. 27, 2017), *report and recommendation adopted,* No. 13-CV-14024, 2017 WL 1228472 (E.D.

Mich. Apr. 4, 2017); *Hodges v. Corizon*, No. 14-11837, 2015 WL 1511153, at *12 (E.D. Mich. Mar. 30, 2015); *Fisher v. Cty. of Macomb*, No. 2:08-CV-13844, 2011 WL 2414413, at *14 (E.D. Mich. June 14, 2011).

But, in that regard, this is not a typical case. Here, Mr. Dudley has alleged both ordinary negligence and medical malpractice; and, as far is the Court is aware, has satisfied the statutory requirements to state a medical malpractice claim.[2]

Defendants seem to take the position that, even though Mr. Dudley may have satisfied the pleading requirements for ordinary negligence and medical malpractice, the Court should nevertheless dismiss the ordinary negligence claims against as duplicative.

However, Mr. Dudley is entitled to plead in the alternative. *See* Fed. R. Civ. P. 8(d); *see also Bryant*, 471 Mich. at 421 ("The fact that an employee of a licensed health care facility was engaging in medical care at the time the alleged negligence occurred means that the plaintiff's claim may *possibly* sound in medical malpractice; it does not mean that the plaintiff's claim *certainly* sounds in medical malpractice.") (emphasis in original); *Hartzell v. City of Warren*, No. 252458, 2005 WL 1106360, at *2 (Mich. Ct. App. May 10, 2005) (pretrial detainee's complaint alleged gross negligence and medical malpractice against healthcare

---

[2] Defendants move for dismissal of the medical malpractice claims strictly on the basis that they are untimely, *see* Section II, and not on the basis that Mr. Dudley failed to satisfy the additional statutory pleading requirements.

professionals). In fact, the Michigan Supreme Court has advised plaintiffs, "as a matter of prudence[,] to file their claims alternatively in medical malpractice and ordinary negligence within the applicable period of limitation." *Bryant*, 471 Mich. at 432.

Moreover, Mr. Dudley's negligence claims do not sound solely in medical malpractice, so as to prevent him from pleading in the alternative. To sound in medical malpractice, a claim must: 1) "pertain[] to an action that occurred within the course of a professional relationship" and 2) "raise[] questions of medical judgment beyond the realm of common knowledge and experience." *Id.* at 422.

The first element is not in dispute. Dr. Lloyd and Nurse Cross are licensed healthcare professionals who were subject to a contractual duty with Corizon to provide Mr. Dudley with healthcare services; their conduct as it relates to such services is the basis for the Amended Complaint.

Nonetheless, with respect to the second element, Defendants have not established that the negligence claims necessarily raise questions of medical judgment. Determining whether to take to the hospital, or refer to a doctor, an individual who is writhing in pain, vomiting, and having difficulty eating and sleeping, requires common sense, not medical knowledge.

At the time of the incident, Mr. Dudley was a pretrial detainee entirely dependent upon the County facility in which he was incarcerated to provide him

with basic human needs, including emergency medical treatment. Over the course of five days, he submitted three health services requests complaining of severe abdominal pain. It's hard to imagine what more Mr. Dudley could have done or said to convince Defendants to get him the medical treatment to which he is entitled. The Court can think of nothing else, nor could defense counsel articulate any suggestions during the hearing.

Surely, most jurors have had the unfortunate experience of deciding whether to take themselves or a loved one to the hospital. Had Mr. Dudley not been in custody, presumably, a family member, relying on his or her common knowledge, would have recognized the severity of the situation and sought treatment by Mr. Dudley's preferred medical provider. Instead, by virtue of his incarceration, Mr. Dudley had to depend on Corizon, a corporation selected by the County not for its medical prowess, but as a cost-savings measure, for care and access to a hospital.

Mr. Dudley suffered for five days until Defendants finally agreed to send him to the emergency room. The jury can rely on its common knowledge and experience to decide the issue of whether Mr. Dudley has established liability for negligence. Dismissal of Counts I-III of the Amended Complaint is unwarranted.

## II. Plaintiff's medical malpractice claims are timely

Defendants move to dismiss and strike the medical malpractice claims in Counts III and IV on the grounds that they are barred by the statute of limitations and the state court order "transferring" the claims to this Court is invalid.[3]

Defendants correctly note that the state court is not authorized to transfer claims to federal court. However, the Court's decision to hear Mr. Dudley's medical malpractice claims rests not on the state court's July 2017 order, but rather on the Court's discretion to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367.

Furthermore, where, as here, a claimant asserts a new claim in an amended pleading, Fed. R. Civ. P. 15(c) governs whether the newly asserted claim "relate[s] back to the date of the original pleading," and effectively renders the new pleading timely despite its filing after the expiration of the limitations period. *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 374–75 (6th Cir. 2015) (internal citation and quotation marks omitted).

---

[3] Defendants maintain that the limitations period began to run on September 16, 2014 when the incident occurred at the Jail, was tolled as of September 12, 2016 when Mr. Dudley served his NOI, and re-commenced on March 14, 2017 when he filed the State Action. Defendants submit that because the limitations period on the medical malpractice claims expired days after Judge Hayman dismissed the State Action in July 2017, the claims added to the Amended Complaint on February 20, 2018 are untimely.

Rule 15(c) provides: "An amendment of a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

The medical malpractice claims, which involve Defendants' failure to diagnose Mr. Dudley with, and treat him for, appendicitis, arose from the same occurrence alleged in the original pleadings. Mr. Dudley timely filed an NOI and affidavits of merit, thereby putting Defendants on notice of such claims. Moreover, the state court's order purporting to transfer the medical malpractice claims to this Court should have also put Defendants on notice that Mr. Dudley may seek leave to amend his complaint in this action. Defendants will suffer no prejudice as a result of the inclusion of Mr. Dudley's medical malpractice claims. Defendants' Motion to Dismiss and Strike Counts III and IV of the Amended Complaint is denied.

### III. The affidavits of merit are necessary to sufficiently plead a medical malpractice claim

Defendants move to strike the affidavits of merit by Laura Conkin (R.N.) and David Mathis (M.D.) pursuant to Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). A court should grant a motion to strike only when "the pleading to be stricken has

no possible relation to the controversy." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015), *aff'd sub nom., Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692 (6th Cir. 2017) (internal citation and quotation marks omitted).

Mr. Dudley has alleged medical malpractice claims for which the attachment of affidavits of merit is required. *See* M.C.L. § 600.2912d. In addition, even though Mr. Dudley need not include the affidavits to state claims for ordinary negligence or deliberate indifference, the affidavits contain information relevant and central to these claims. Therefore, Defendants' Motion to Strike is denied.

## CONCLUSION

For the reasons stated above, and incorporating the reasons stated on the record,

**IT IS ORDERED** that Defendants' Motion to Dismiss and to Strike [28] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: June 18, 2018                Senior United States District Judge