UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAHEEN DUDLEY,

        Plaintiff,

v.

GENESEE COUNTY, ET AL.,

        Defendants.

Case No. 17-10800

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**ORDER DENYING DEFENDANTS' MOTION TO CERTIFY FOR IMMEDIATE APPEAL AND FOR STAY OF PROCEEDINGS PENDING APPEAL [38]**

On June 18, 2018, the Court issued an Order [34] denying Defendants' Motion to Dismiss. On July 17, 2018, Defendants filed the instant Motion to Amend Opinion and Order [34] to Certify for Immediate Appeal and for Stay of Proceedings Pending Appeal [38]. This Motion is Defendants' latest attempt to unnecessarily prolong litigation and avoid compensating Plaintiff for their failure to timely treat his appendicitis. For the reasons explained below, Defendants' Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

In September 2014, Plaintiff Raheen Dudley was a pretrial detainee in the custody of the Genesee County Jail. He submitted multiple requests to see a doctor for severe pain in his abdomen, vomiting, headaches, and difficulty walking and

sleeping. He asked to be taken to the hospital because "it felt like a life or death situation." Amend. Compl. at ¶ 18.

After suffering in pain for five days, Mr. Dudley was finally taken to the hospital where he was diagnosed with appendicitis and peritoneal abscess. His appendix had burst. He had part of his colon removed and had to wear a colostomy bag.

On March 13, 2017, Mr. Dudley, through counsel, commenced this action against Defendants Dennis Lloyd, D.O., Mona Cross, LPN, Corizon Correctional Healthcare f/k/a Prison Health Services ("Corizon"), and Genesee County.

On February 20, 2018, at the suggestion of the Court, Mr. Dudley filed an Amended Complaint [25] against Defendants alleging: Gross Negligence, Ordinary Negligence, and/or Wanton and Willful Misconduct (Counts I-II); Vicarious Liability (Count III); Medical Malpractice (IV); and Violation of Civil Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments (Counts V-VI).

Defendants filed a Motion to Dismiss [28] Counts I-IV, which the Court denied on June 18, 2018. [Dkt. #34]. Defendants filed this Motion to Amend Opinion and Order [34] to Certify for Immediate Appeal and for Stay of Proceedings Pending Appeal [38] on July 17, 2018.

On July 25, 2018, at the request of the parties, the Court referred the case to the Magistrate Judge for a settlement conference. The conference is scheduled for November 8, 2018.

### ANALYSIS

Generally, non-final orders, such as a district court's denial of a motion to dismiss, are not immediately appealable. 28 U.S.C. § 1291; *see also Sault Ste. Marie Tribe of Chippewa Indians v. State of Mich.*, 5 F.3d 147, 149 (6th Cir. 1993). However, 28 U.S.C. § 1292(b) authorizes the district court to certify for interlocutory appeal a non-final order "when '[the] order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 592 (6th Cir. 2013).

It its Order [34] denying Defendants' Motion to Dismiss, the Court held, in relevant part, that: Plaintiff's medical malpractice claims related-back to the date of his original pleadings, and therefore, could be included in the amended complaint; and, Plaintiff had stated a plausible claim for ordinary negligence against medical professionals as an alternative to medical malpractice.

Defendants argue that the issue of whether Plaintiff may amend his complaint to include a medical malpractice claim previously dismissed in state

court involves a question of law for which there exists substantial ground for difference of opinion. Defendants further argue that this case presents a substantive Michigan law question as to whether Plaintiff may plead ordinary negligence against medical professionals in conjunction with medical malpractice. Defendants maintain that these issues are controlling because the inclusion of medical malpractice and ordinary negligence claims may complicate this case thereby materially affecting the outcome of litigation.

As an initial matter, Defendants' first argument is premised on the erroneous assumption that the Genesee County Circuit Court dismissed Plaintiff's medical malpractice claims. The Circuit Court granted Defendants' Motion for Summary Disposition and ordered the case dismissed, but further ordered that "Plaintiff's medical malpractice claim [] be transferred to the United States District Court, Eastern District of Michigan, specifically *Dudley v. Genesee County Jail, et al.* Case No. 2:17-cv-10800." Defs.' Ex. B.

Read in its entirety, the Order makes clear that the Circuit Court did not intend to dismiss Plaintiff's medical malpractice claims with prejudice. The record from the summary disposition hearing dispels any potential confusion surrounding the Order's effect:

> And having heard counsel here say today that the statute of limitations has run on the medical malpractice claim, what seems to be the appropriate and fair resolution would be to require that this matter be removed also to the federal court. And so, I am going to order that this

> matter be removed to the federal court and added as a claim in the federal court so that you don't lose the statute of limitations issue at this point. But it should go there because state claims can go with federal claims, as understand it, so that'll be the ruling of the Court.

Pl.'s Ex. B. at 14. This Court properly allowed Plaintiff to amend his complaint to include medical malpractice claims which relate-back to his original pleadings.

Furthermore, the asserted legal issues here are not controlling. "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (internal citation omitted). The inclusion of Plaintiff's state law claims will not unduly complicate this case and confuse the jury as Defendants suggest. More importantly, even if the Court were to amend its Order and certify it for appeal, such an amendment would not absolve the need for trial. Because Defendants elected not to challenge Plaintiff's deliberate indifference claims in their Motion to Dismiss, they must defend against these constitutional claims, notwithstanding a favorable decision on appeal of the aforementioned issues.

Resolution of these alleged legal issues will neither materially affect the outcome of this litigation nor advance its ultimate termination. As Plaintiff's note, what may in fact "materially advance the ultimate termination of this litigation is proceeding with the settlement conference on November 8 as previously agreed to by Defendants." [Dkt. #41 at 16]. Certification for immediate appeal of the Court's non-final Order [34] is unwarranted.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Amend Opinion and Order to Certify for Immediate Appeal and for Stay of Proceedings Pending Appeal [38] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge

Dated: August 8, 2018